IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

HECTOR GOMEZ,

    Plaintiff,

v.

BRONSTEIN & WEISS ARBITRATION, INC.,

    Defendant.

Case No. 5:18-cv-01200

## COMPLAINT

NOW COMES, HECTOR GOMEZ, through counsel, SULAIMAN LAW GROUP, LTD., complaining of BRONSTEIN & WEISS ARBITRATION, INC., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a); under 15 U.S.C. § 1692k(d) with respect to FDCPA claims.

3. Venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

### PARTIES

4. HECTOR GOMEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. BRONSTEIN & WEISS ARBITRATION, INC. ("Defendant") is a foreign limited liability company, who at all times relevant, maintained a principal place of business located at 3380 Sheridan Road, Suite 340, Amherst, New York 14226-1439.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. Plaintiff obtained a short-term, unsecured loan from MoneyKey, Inc. (the "Loan").

12. The Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Plaintiff experienced financial hardship.

14. Plaintiff defaulted on the Loan.

15. In or before October 2018, Defendant initiated collection on the Loan.

16. On October 26, 2018, Defendant contacted Plaintiff's sister looking for Plaintiff.

17. Defendant left call back information with Plaintiff's sister.

18. Plaintiff's girlfriend provided Plaintiff with this information.

19. Plaintiff called Defendant.

20. Defendant identified them self as a debt collector attempting to collect on the Loan.

21. Plaintiff informed Defendant of an inability to make payments as result of no work.

22. On October 29, 2018, Defendant contacted Plaintiff's father.

23. Plaintiff's father informed Defendant they were speaking with Plaintiff's father.

24. Notwithstanding, Defendant informed Plaintiff's father of Plaintiff's debt.

25. Furthermore, Defendant informed Plaintiff's father that they were in possession of Plaintiff's (and Plaintiff's sister's) license plate numbers.

26. Finally, Defendant threatened Plaintiff's father that if Plaintiff did not pay, he won't be able to go to military, an arrest warrant will be issued, and Plaintiff will be arrested.

27. Immediately, Plaintiff's father provided Plaintiff with $555.00 to make payment so that he did not get arrested.

28. To date, no lawsuit has been initiated by Defendant.

29. Plaintiff expected to receive from Defendant some sort of written communication.

30. To date, no written communication has been received from Defendant.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. §1692b

32. Section 1692b provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

(2) not state that such consumer owed any debt;

15 U.S.C. § 1692b(2).

33. Defendant violated 15 U.S.C. § 1692b(2) by revealing to Plaintiff's father that Plaintiff owed on the Loan.

**Violation(s) of 15 U.S.C. § 1692e**

34. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\*\*\*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(4), e(5) and e(10).

35. Defendant violated 15 U.S.C. §§ 1692e, e(4), e(5), and e(10) by representing to Plaintiff's father that nonpayment of the Loan will result in Plaintiff's arrest.

36. Defendant's threat of arrest violated 15 U.S.C. § 1692e(5) as Defendant had no intention to pursue legal action against Plaintiff.

37. As Defendant's threat of arrest was not intended, Defendant's message was also deceptive, thus violating 15 U.S.C. §§ 1692e and e(10).

**Violation(s) of 15 U.S.C. § 1692g(a)**

38. Section 1692g(a) provides:

[w]ithin five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt.

15 U.S.C. § 1692g(a).

39. Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written "validation notice" within five days of Defendant's initial communication with Plaintiff.

40. Plaintiff may enforce the provisions of 15 U.S.C. §§1692e, e(4), e(5), e(10), and g(a) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)
- (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692b(2), e, e(4), e(5), e(10), and g(a);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. §§1692b(2), e, e(4), e(5), e(10), and g(a);

C. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

E.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

**Plaintiff demands trial by jury.**

November 16, 2018                                       Respectfully submitted,

*/s/ Nathan C. Volheim*

Nathan C. Volheim
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
nvolheim@sulaimanlaw.com

*Counsel for Hector Gomez*